# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-780V

| | | |
|---|---|---|
| SAEEDA SYED, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: September 15, 2025 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*Alison Haskins*, Siri & Glimstad, LLP, Aventura, FL, for Petitioner.

*Katherine C. Esposito*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On May 20, 2024, Saeeda Syed filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petition (ECF No. 1) ("Pet.") at 1. Petitioner alleged that she suffered from a shoulder injury related to vaccine administration as a result of an influenza vaccine she received on October 12, 2023. *Id.* The parties successfully settled the case, and I issued a decision awarding Petitioner compensation. *See*, Decision dated Aug. 11, 2025 (ECF No. 40).

Petitioner previously requested an interim award of attorney's fees and costs in December 2024, and was granted $21,929.47 for the work performed by her former counsel. Decision—Interim Attorney's Fees and Costs, dated Jan. 17, 2025 (ECF No. 25). Petitioner has now filed a

---

[1] "Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*"

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

motion for a final award of attorney's fees and costs. *See* Motion, dated Aug. 22, 2025 (ECF No. 39) ("Final Fees Mot."). Petitioner now requests the additional sum of $14,571.69, reflecting $14,469.00 in additional fees, plus $102.69 in costs. Final Fees Mot. at 2. Respondent reacted to the present fees request on August 26, 2025. *See* Response, dated Aug. 26, 2025 (ECF No. 41) ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2, 4. Petitioner filed a reply, maintaining her position, and requesting that she be awarded the requested fees and costs as indicated. Reply, dated Aug. 28, 2025 (ECF No. 42).

I.   **Calculation of Fees**

Because Petitioner's claim was successful, she is entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorney and support staff, based on the years work was performed:

|  | 2024 | 2025 |
|---|---|---|
| **Alison Haskins (Attorney)** | $510.00 | $525.00 |
| **Paralegals** | -- | $195.00 |

ECF No. 39-3 at 1–8.

The rates requested for Ms. Haskins and her paralegals are consistent with what has previously been awarded for their work, in accordance with the Office of Special Masters' fee schedule.[3] *See Osorno Gomez v. Sec'y of Health & Hum. Servs.*, No. 24-47V, slip op. at 3 (Fed. Cl. Spec. Mstr. Apr. 7, 2025). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

## II.   Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $102.69 in outstanding litigation costs, including additional mailing costs. ECF No. 39-3 at 8, 9–10. Such costs are typical in Program cases, were reasonably incurred in this matter, and are thus eligible for reimbursement.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs, awarding a total amount of **$14,571.69**, reflecting $14,469.00 in attorney's fees and $102.69 in costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedule, https://www.uscfc.uscourts.gov/node/2914 (last visited Sept. 15, 2025).

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

**IT IS SO ORDERED**.

<u>/s/ Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master